## Gealt v. Kubiak (No. 1)

*Norman H. Abramson* of *Meyer, Lasch, Hankin & Poul,* for plaintiff.

*Francis E. Marshall,* for defendants.

HIRSH, J., January 23, 1973.—A careful reading of plaintiff's motion for summary judgment, and defendants' answer thereto and the legal memoranda accompanying both discloses that there are disputed questions of fact concerning, inter alia, the date plaintiff

first became aware of the injury to her ear as that relates to the date of the execution of the release. This being so, it is not a proper case for the entry of summary judgment.

Rather, it would seem that all of the secondary circumstances of the situation as it existed at the time the release was signed should be developed at a trial, albeit separate and apart from any trial on plaintiff's damage claim. Counsel should seriously consider stipulating that such procedure be utilized in this case. Should counsel be unable to agree, it is suggested that the trial judge, in his discretion, order that the trial be conducted in this fashion. Thus, if plaintiff were successful at such trial in her contention that the release was ineffective to bar her claim, she could proceed to trial on the merits of her suit for damages. On the other hand, if defendants were successful in their contention that the release was a bar to plaintiff's claim, then that would dispose of the claim and then plaintiff would not have to be concerned about her justifiable fear that no purpose would be served by proceeding through a lengthy trial.

Accordingly, plaintiff's motion for summary judgment is denied.